On original deliverance, I concurred in the result, but pointed out that the United States Supreme Court had before it for review the case of Pacific Mut. Life Ins. Co. v.Haslip, 553 So.2d 537 (Ala. 1989), and that "the Supreme Court of the United States [might] reverse the judgment of this Court in that case," in which Alabama's procedure for awarding punitive damages was being challenged. The Supreme Court has now affirmed. Pacific Mut. Life Ins. Co. v. Haslip, ___ U.S. ___, 111 S.Ct. 1032, *Page 1049 113 L.Ed.2d 1 (1991), holding that Alabama's procedure for reviewing punitive damages awards "ensures meaningful and adequate review." In my opinion, the Supreme Court of the United States was under the impression that, in Alabama, theHammond-Hornsby procedures guarantee that jury verdicts will be independently reassessed by both trial and appellate courts.
In a dissent in Armstrong v. Roger's Outdoor Sports,Inc., [Ms. 88-1190, March 8, 1991] (Ala. 1991), decided shortly after the Haslip decision had been released, I stated that the Hammond-Hornsby review does not ensure an independent assessment of jury verdicts as envisioned in Haslip.[2] As I expressed in that dissenting opinion, I think that the opinion of the Supreme Court of the United States in Haslip was based, in part, on that Court's belief that the Hammond-Hornsby
review ensured an independent assessment by trial and appellate courts. I pointed out in that dissent that counsel for Ms. Haslip argued before the Supreme Court that Alabama's procedure provided for an independent reassessment of the awards by juries of punitive damages,[3] and I think that it is clear from a reading of the opinion in Haslip that the Supreme Court erroneously concluded that the Alabama procedure provided for an independent reassessment of jury awards of punitive damages.
Even though I do not believe that theHammond-Hornsby procedure authorizes the type of "independent reassessment" that I believe Haslip is based on, I concur in the result. I agree that, even if I did an independent reassessment in this case, I would conclude that the verdict in the amount of $2.5 million is not excessive, because this is a wrongful death case, and Alabama has the power "to attempt to preserve human life by making homicide expensive." Louis Pizitz Dry Goods Co. v. Yeldell,274 U.S. 112, 116, 47 S.Ct. 509, 510, 71 L.Ed. 952 (1927). I would also point out that the legislature, in the so-called "tort reform package," has not put a "cap" on punitive damages awards in wrongful death cases.
[2] In Armstrong this Court held that the state legislature could not adopt an act authorizing anindependent review of jury awards of punitive damages and declared unconstitutional an act doing so.
[3] In Haslip, in oral arguments before the Supreme Court, Haslip's counsel argued that "[t]heHammond-Hornsby standard of review which the Alabama Supreme Court has been adopting since 1986, expressly provides that jury verdicts will be independently reassessed bytrial and appellate courts in order to determine whether theamount set by the jury is more than would be necessary toaccomplish society's goals of punishment and deterrence." (Emphasis added.)